UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONYA A. ERVIN-ATKINSON,

                                                  Plaintiff,        Case # 18-CV-1056-FPG

v.                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.

**INTRODUCTION**

On November 28, 2014, Plaintiff Tonya A. Atkinson protectively applied for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") and Supplemental Security Income under Title XIV, alleging disability beginning on April 1, 2012. Tr.[1] 12, 91-97. The Social Security Administration ("SSA") denied her claim (Tr. 32-43), and on May 25, 2017, Plaintiff testified at a hearing before Administrative Law Judge Timothy M. McGuan ("the ALJ"). Tr. 653-69. On September 20, 2017, the ALJ issued an unfavorable decision. Tr. 10-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-7. Plaintiff then appealed to this Court.[2] ECF No. 1.

The parties make competing motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 15. For the reasons that follow, Plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

---

[1] "Tr." refers to the administrative record in this matter which was not filed electronically. The Court reviewed the paper record on file with the Clerk's Office.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

When reviewing a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**DISCUSSION**

In conducting the requisite five-step analysis,[3] the ALJ determined that Plaintiff's severe impairments included obesity, schizoaffective disorder, bipolar disorder, and poly-substance dependence (including cocaine and crack dependence).[4] Tr. 16. The ALJ then determined that Plaintiff's impairments, "including the substance use disorders," meet the Listing requirements. Tr. 17.

However, the ALJ found that if Plaintiff stopped the substance abuse, her remaining impairments would be severe, but would not meet the Listing requirements. Tr. 19. If Plaintiff stopped the substance abuse, the ALJ determined that she would have the residual functional

---

[3] The ALJ uses this analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920.

[4] A severe impairment "significantly limits the claimant's ability to do basic work activities" and a nonsevere impairment will "only minimally affect the claimant's ability to work." *Thompson v. Comm'r of Soc. Sec.*, No. 18-CV-167-FPG, 2019 WL 4016167, at *2 (W.D.N.Y. Aug. 26, 2019).

capacity ("RFC")[5] to perform light work and would be able to occasionally understand, remember, and carry out complex and detailed tasks, occasionally interact with the public, and frequently interact with co-workers and supervisors. Tr. 21. The ALJ found that Plaintiff's substance abuse disorder was a "contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance abuse," and thus found that Plaintiff was not disabled under the SSA's regulations. Tr. 26.

Plaintiff argues that the ALJ erred in finding Plaintiff's substance abuse disorder material to the disability determination because "it is not possible to separate Plaintiff's co-occurring mental health impairments from her substance abuse." ECF No. 10-1 at 1. The Court disagrees and finds the ALJ's decision was supported by substantial evidence.

"[A] claimant 'shall not be considered to be disabled . . . if [substance abuse] would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Murray v. Colvin*, No. 1:16-CV-00181 (MAT), 2017 WL 1289588, at *3 (W.D.N.Y. Apr. 6, 2017) (quoting 42 U.S.C. § 1382c(a)(3)(J)). "The burden of proof is on plaintiff to establish that [substance abuse] is immaterial to the disability determination." *Id.*; *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012). The SSA has provided guidance to ALJs evaluating the materiality of a substance abuse disorder to a finding of disability. *See* SSR 13-2p, 2013 WL 621536 (2013).

> "[E]ven though claimants initially meet the traditional definition of 'disabled' (inability to engage in substantial gainful activity), administrative adjudicators must conduct a secondary analysis to determine whether drug [addiction] or alcoholism is material to an initial finding of disability." *Smith v. Commissioner of Social Sec.*, 2014 WL 3392336, at *6 (N.D.N.Y. July 10, 2014) (citing SSR 13-2p, 2013 WL 621536, at *4). "A 'key factor' in such secondary analysis is whether claimants would still be found disabled if they stopped using drugs or alcohol. *See* 20 C.F.R.

---

[5] A claimant's RFC reflects her ability to perform physical or mental work activities on a sustained basis despite her impairments. 20 C.F.R. §§ 404.1520(e)-(f), 416.920.

3

§ 416.935(b)(2). Administrative adjudicators first determine whether physical and mental limitations would remain in the absence of substance abuse. If so, they then decide whether those remaining limitations are disabling on their own. If so, claimants are considered disabled within the meaning of the Act notwithstanding their drug addiction or alcoholism. If not, alcohol or substance abuse is considered material, and claimants are not eligible for benefits. 20 C.F.R. § 416.935(b)(2)(ii)." *Id.* at *7.

*Wells v. Colvin*, No. 14-CV-197-JTC, 2015 WL 1280536, at *6 (W.D.N.Y. Mar. 20, 2015) (alterations omitted); *see also* SSR 13-2p, 2013 WL 621536 (2013). Moreover, "evidence from a period of abstinence is the best evidence for determining whether an [impairment] would improve to the point of nondisability." SSR 13-2p, 2013 WL 621536 (2013). Where co-occurring mental health disorders are present, the SSA "need[s] evidence from outside of . . . highly structured treatment settings demonstrating that the [plaintiff's] co-occurring mental disorder(s) has improved, or would improve, with abstinence" to find that substance abuse is material to a disability finding. *Id.*

Here, the ALJ followed the process outlined in SSR 13-2p and the materiality determination is supported by substantial evidence. Contrary to Plaintiff's argument, this is not a case in which there is no period of abstinence long enough to observe Plaintiff's functioning such that Plaintiff's mental impairments cannot be separated from her substance abuse.

Plaintiff described herself as a "binge" cocaine user and has a history of psychiatric hospitalizations that occurred when she used cocaine. Tr. 660. During her periods of drug use, Plaintiff's hallucinations, including a feeling that bugs are crawling on her skin, and suicidal and homicidal ideations are well-documented. *See, e.g.*, 269, 271, 273, 376-77, 465, 467, 495, 517, 548, 576, 605, 626. However, by her own admission, when Plaintiff is in treatment and on medication, her mental health impairments are much improved. Plaintiff testified at her hearing in 2017 that "[t]hey finally got me on the right dose of medication, and it's working perfectly."

4

Tr. 657. She stated her medication regimen had been working for the last two months and that her hallucinations and "crack cravings" were gone. Tr. 657, 661. This improvement Plaintiff described occurred when she had not used cocaine for two months, was in outpatient treatment, and regularly attending Narcotics Anonymous meetings. Tr. 660-61. Plaintiff also reported during a psychiatric hospitalization on January 3, 2016 that she had "considerably higher functioning in the . . . past 3 years and compliance with medication until her binge this week." Tr. 272.

The ALJ properly focused on the record evidence from Plaintiff's periods of abstinence from cocaine use in determining Plaintiff's RFC. The ALJ gave significant weight to the opinion of consultative examiner Susan Santarpia, Ph.D., who examined Plaintiff on April 23, 2015 during a period of sobriety. Tr. 24, 242-45. Dr. Santarpia acknowledged Plaintiff's history of psychiatric hospitalizations. Tr. 242. However, on exam, Plaintiff denied suicidal or homicidal ideation. Tr. 242. Plaintiff told Dr. Santarpia that when she is not properly medicated, she "feels like things are crawling on my skin." Tr. 242-43. Plaintiff reported that her current counseling and medication regimen was controlling and stabilizing her symptoms. Tr. 243. It was Dr. Santarpia's opinion that the "results of [Plaintiff's] present evaluation appear to be consistent with psychiatric problems, but while stabilized, do not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." Tr. 244-45.

The ALJ also gave significant weight to the opinion of state agency psychiatric consultant Hillary Tzetzo, M.D. Tr. 24. Dr. Tzetzo similarly evaluated Plaintiff during a period of sobriety. Tr. 37. Dr. Tzetzo found that while Plaintiff's psychiatric impairments were severe, she could complete simple work tasks, had a reduced but adequate ability to interact with coworkers and the public, and could handle brief and superficial contact with others. Tr. 37.

In contrast, little weight was given to NP Adrienne Roy's opinion in determining Plaintiff's RFC because NP Roy treated Plaintiff during her periods of substance abuse, and her opinion "fail[ed] to provide any distinguishing details between the [Plaintiff's] functioning during periods of substance abuse and sobriety . . . ." Tr. 24.

It is clear from the record that the ALJ's opinion finding that Plaintiff's substance abuse was material to the disability determination is supported by substantial evidence. *See Johnson v. Berryhill*, No. 17-CV-6436P, 2018 WL 4275985 (W.D.N.Y. Sept. 7, 2018) (affirming ALJ's decision where ALJ considered psychologist and mental health counselors' treatment notes documenting mental health improvement during periods of abstinence and finding the "record was sufficient to permit the ALJ to conclude that [plaintiff's] substance use was material to the finding of disability, and substantial evidence supports the finding." (collecting cases)).

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 20, 2020
      Rochester, New York

                                                                           _____
                                                                           HON. FRANK P. GERACI, JR.
                                                                           Chief Judge
                                                                           United States District Court